ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

BEFORE FINRA DISPUTE RESOLUTION

In the Matter of the Arbitration Between:

RICHARD R. ARISPE, JIMMY A. )
BURKE, PEGGY E. BURKE, TODD )
B. BURKE, JOSE J. COLLADO, )
ADELA CHRISTINE COLLADO, )
CHARLES K. COLVIN, C & C )
ERECTION, INC., NANCY GORDON, )
SUSAN W. HACKNEY, DON H. )
JONES, SUZANN S. JONES, )
WILLIAM A. RHODES, JR., DAWN )
SCHUESSLER, KENNETH W. SEARS, )
KENNETH W. SEARS, JR., REINE )
M. SEARS, DANIEL J. SEARS, )
KENNETH W. SEARS, III, JUDY )
STRICKLAND, ELIZABETH STEIN &)
SHANA L. STEIN, )
    Claimants )
v. ) FINRA CASE NO. 09-006655
 )
MORGAN KEEGAN & COMPANY, )
    Respondent.

ARBITRATION PROCEEDINGS

January 30, 2011

Day 6

ARBITRATION PROCEEDINGS was taken in the above-styled and numbered cause on the 30th day of January, 2011, from 9:01 a.m. to 4:55 p.m., before Kelly Hanna, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Greenberg Traurig, 1000 Louisiana, Suite 1700, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

HANNA & HANNA, INC.
(713) 840-8484


EXHIBIT J

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 2 of 19
Case 4:11-mc-00127   Document 1-3   Filed in TXSD on 03/16/11   Page 2 of 5

Page 1636

### ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
### ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

1  We can't carry this case on forever.  We're -- according
2  to my watch, it's about 12:20 now and you're going to
3  have some more questions but you'll probably be through
4  with this witness, say -- say, if we come back here
5  1:00, 40 minutes, you'll probably be through with this
6  witness --
7                    MR. DOBROWSKI:  1:30.
8                    MR. KERR:  -- collectively at 1:30.
9                    MR. CARLIN:  At the latest.
10                   MR. DOBROWSKI:  At the longest.
11                   MR. CARLIN:  Probably more likely be 1:15,
12 1:10.
13                   MR. KERR:  Then you have another witness
14 in addition to the attorneys' fees.
15                   MR. WEISS:  Correct.
16                   MR. DOBROWSKI:  But I thought we were
17 going to stipulate as to the amount on attorneys' fees.
18                   MS. BLACKWELL:  We can do that.
19                   MR. WEISS:  We can do that.  I will say
20 that -- well, I guess, if you want to talk about that
21 now, I'm happy to do so.  Two points.  First of all, in
22 their Exhibit 257, their agreement with their clients is
23 on a 35 percent contingent fee.  It is not on an hourly
24 basis.  I just make that point.  The Panel should be
25 aware.

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 3 of 19
Case 4:11-mc-00127   Document 1-3   Filed in TXSD on 03/16/11   Page 3 of 5

Page 1637

ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

```
 1         MR. KERR:  Yeah, you made that point
 2  yesterday.
 3         MR. WEISS:  Good.  In terms of our fees,
 4  which is really the subject du jour, our fees are
 5  substantially less than what they presented.  Our fees
 6  prior to this week total $399,416.  And our number of
 7  attorney hours and paralegal hours was also less, at
 8  1684.  Our expenses were also less, and they totaled
 9  $34,779, and that's -- that's for our side.
10         There is a -- an Exhibit, I believe, 609.
11  Exhibit 609 in the Respondent's materials state that --
12  and I'm summarizing, but in a case such as this,
13  Claimant files a case against Morgan Keegan and loses,
14  that the Claimant has to pay our attorneys' fees and
15  expenses.
16         MR. DOBROWSKI:  And, Mr. Chair, we
17  stipulate that the amount of fees and amount of costs
18  are reasonable.  We do not stipulate that they are owed
19  or that you should award them.
20         MR. KERR:  Entitlement is not part of the
21  question.
22         MR. DOBROWSKI:  Yes, sir.
23         MR. KERR:  Okay.  Will that take care of
24  the attorneys' fees testimony?
25         MR. DOBROWSKI:  Yeah.
```

Case 4:11-cv-01051 Document 1-11 Filed in TXSD on 03/21/11 Page 4 of 19
Case 4:11-mc-00127 Document 1-3 Filed in TXSD on 03/16/11 Page 4 of 5

Page 1638

ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

1  MR. CARLIN: I think so.
2  MR. KERR: So, that's done. That's in the
3  record. So, one question I should have asked. How long
4  do you anticipate the direct on this next witness?
5  MS. BLACKWELL: I think the direct will be
6  an hour or maybe less.
7  MR. KERR: And, of course, there will be
8  cross?
9  MR. DOBROWSKI: Ours will be substantially
10 less than that. Substantially.
11 MS. BLACKWELL: Well, my witness is
12 telling me he thinks it's going to be slightly more.
13 MR. KERR: Slightly more?
14 MS. BLACKWELL: Yeah.
15 MR. WEISS: Hour and 15 minutes. So,
16 that's two hours. So, if we're back here -- if we're
17 back here at 1:00, then that's 3:00. So, then what
18 we've got left is closing arguments. So, we ought to be
19 able to hopefully wrap it up by 4:30 or something like
20 that.
21 MR. DOBROWSKI: Closing argument, if we
22 start at 3:00, we're going to do 45 minutes a side?
23 MR. CARLIN: As I said, Mr. Chair, I
24 believe I need an hour.
25 MR. DOBROWSKI: We'll do whatever you say.

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 5 of 19
Case 4:11-mc-00127   Document 1-3   Filed in TXSD on 03/16/11   Page 5 of 5

Page 1806

**ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011**
**ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY**

1  STATE OF TEXAS
2  COUNTY OF HARRIS
3
4                    REPORTER'S CERTIFICATE
5                    ARBITRATION HEARING
6                    January 30, 2011
7
8       I, the undersigned Certified Shorthand Reporter in
9  and for the State of Texas, certify that the facts
10 stated in the foregoing pages are true and correct.
11      I further certify that I am neither attorney or
12 counsel for, related to, nor employed by any parties to
13 the action in which this testimony is taken and,
14 further, that I am not a relative or employee of any
15 counsel employed by the parties hereto or financially
16 interested in the action.
17      SUBSCRIBED AND SWORN TO under my hand and seal of
18 office on this the 7th day of February, 2011.

*Digitally signed by Kelly Hanna*
*Date: 2011.02.07 11:43:18 -08:00*
*Reason: I am the author of this document*
*Location: Houston, TX*

                    Kelly Hanna, CSR, RPR, CRR, CMRS
                    Texas CSR 1654
                    Expiration: 12/31/2011
                    Firm Registration No. 581
                    1225 North Loop West, Suite 327
                    Houston, Texas 77008
                    713.840.8484 - 713.626.1966
                    www.hannareporting.com

**HANNA & HANNA, INC.**
**(713) 840-8484**

1b484990-f0f6-4521-9a77-679b06760305

**ARBITRATION PROCEEDINGS - Day 4 - January 29, 2011**
**ARISPE, ET. AL. VS. MORGAN, KEEGAN & COMPANY**

BEFORE FINRA DISPUTE RESOLUTION

In the Matter of the Arbitration Between:

RICHARD R. ARISPE, JIMMY A. )
BURKE, PEGGY E. BURKE, TODD )
B. BURKE, JOSE J. COLLADO, )
ADELA CHRISTINE COLLADO, )
CHARLES K. COLVIN, C & C )
ERECTION, INC., NANCY GORDON,)
SUSAN W. HACKNEY, DON H. )
JONES, SUZANN S. JONES, )
WILLIAM A. RHODES, JR., DAWN )
SCHUESSLER, KENNETH W. SEARS,)
KENNETH W. SEARS, JR., REINE )
M. SEARS, DANIEL J. SEARS, )
KENNETH W. SEARS, III, JUDY )
STRICKLAND, ELIZABETH STEIN &)
SHANA L. STEIN, )
      Claimants )
                              ) FINRA CASE NO. 09-006655
v.                            )
                              )
MORGAN KEEGAN & COMPANY, )
      Respondent.

ARBITRATION PROCEEDINGS

January 29, 2011

Day 5

ARBITRATION PROCEEDINGS was taken in the above-styled and numbered cause on the 29th day of January, 2011, from 8:56 a.m. to 4:29 p.m., before Kelly Hanna, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Greenberg Traurig, 1000 Louisiana, Suite 1700, Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

HANNA & HANNA, INC.
(713) 840-8484


EXHIBIT
P

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 7 of 19
Case 4:11-mc-00127   Document 1-4   Filed in TXSD on 03/16/11   Page 2 of 4

Page 1479

ARBITRATION PROCEEDINGS - Day 4 - January 29, 2011
ARISPE, ET. AL. VS. MORGAN, KEEGAN & COMPANY

```
 1                Mr. Chairman, the Claimants rest.
 2           MR. KERR:  All right.  Thank you very
 3  much.  The Claimants have rested.
 4           And, Mr. Weiss, let's see, you have two --
 5  two expert witnesses.
 6           MR. WEISS:  Correct.
 7           MR. KERR:  Okay.  Is that it?
 8           MR. WEISS:  I think so.
 9           MR. KERR:  All right.  And, of course,
10  we're going to have closing arguments tomorrow.
11           MR. WEISS:  Although, I think we -- there
12  is a contract in the customer agreement that specifies
13  that Morgan Keegan is entitled to its attorneys' fees in
14  a case of this nature.  It's contractual.  So, we will
15  likely put on evidence of that as well.
16           MR. DOBROWSKI:  And if we could just see
17  those, to be honest with you, Mr. Chair, what we would
18  do is -- I'd just like to see the amount.  We could
19  probably stipulate that the amount is right.  Obviously,
20  the recovery -- whether they're entitled to recovery, we
21  don't agree to that.
22           MR. KERR:  That's our job.
23           MR. DOBROWSKI:  Yes, sir.
24           MR. WEISS:  And I can give him that
25  information.  It's not surprisingly less than theirs.
```

HANNA & HANNA, INC.
(713) 840-8484

31e8d925-f612-4272-9770-7c4a3a5a2853

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 8 of 19
Case 4:11-mc-00127   Document 1-4   Filed in TXSD on 03/16/11   Page 3 of 4

Page 1480

ARBITRATION PROCEEDINGS - Day 4 - January 29, 2011
ARISPE, ET. AL. VS. MORGAN, KEEGAN & COMPANY

```
 1           MR. KERR:  All right.  So, how long do you
 2  anticipate you will need for closing argument?  I would
 3  like for each side to agree on it, if it's 30 minutes,
 4  if it's 45.
 5           MR. DOBROWSKI:  We talked somewhere
 6  between 45 and an hour.
 7           MR. CARLIN:  Mr. Chair, I think at least
 8  an hour.  I was actually thinking somewhere along the
 9  lines of maybe 75 minutes.  There's just a lot of ground
10  to cover, especially because of the fact that we had
11  this three-and-a-half month break and the Panel did not
12  have the benefit of actually having the transcripts.
13           MR. KERR:  Yes, sir.
14           MR. DOBROWSKI:  Last -- well, I will do
15  whatever the Panel wants.  I think an hour is more -- I,
16  frankly, think 45 minutes is more than sufficient.
17           MR. KERR:  You can give us back some time.
18           MR. DOBROWSKI:  I'm sorry?
19           MR. KERR:  You can give us back some time.
20  We'll take it.
21           MR. CARLIN:  If I don't have to fill out
22  the time, I won't.  I'm just trying to give you an
23  honest estimate.
24           MR. DOBROWSKI:  Well, I understand that;
25  but you know lawyers.
```

Case 4:11-cv-01051   Document 1-11   Filed in TXSD on 03/21/11   Page 9 of 19
Case 4:11-mc-00127   Document 1-4   Filed in TXSD on 03/16/11   Page 4 of 4

Page 1485

**ARBITRATION PROCEEDINGS - Day 4 - January 29, 2011**
**ARISPE, ET. AL. VS. MORGAN, KEEGAN & COMPANY**

```
 1  STATE OF TEXAS
 2  COUNTY OF HARRIS
 3
 4                  REPORTER'S CERTIFICATE
 5                  ARBITRATION HEARING
 6                  January 29, 2011
 7
 8      I, the undersigned Certified Shorthand Reporter in
 9  and for the State of Texas, certify that the facts
10  stated in the foregoing pages are true and correct.
11      I further certify that I am neither attorney or
12  counsel for, related to, nor employed by any parties to
13  the action in which this testimony is taken and,
14  further, that I am not a relative or employee of any
15  counsel employed by the parties hereto or financially
16  interested in the action.
17      SUBSCRIBED AND SWORN TO under my hand and seal of
18  office on this the _____ day of _____,
19  _____.
20                          _____
                            Kelly Hanna, CSR, RPR, CRR, CMRS
21                          Texas CSR 1654
                            Expiration:  12/31/2011
22                          1225 North Loop West
                            Suite 327
23                          Houston, Texas 77008
                            713.840.8484 - 713.626.1966
24                          www.hannareporting.com
25
```

Digitally signed by Kelly Hanna
Date: 2011.02.03 08:34:37 -08:00
Reason: I am the author of this document
Location: Houston, TX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO. _____

MORGAN KEEGAN &
COMPANY, INC.

    Petitioner,

vs.

RICHARD R. ARISPE, JIMMY A. BURKE,
PEGGY E. BURKE, TODD B. BURKE,
JOSE J. COLLADO, ADELA CHRISTINE
COLLADO, CHARLES K. COLVIN, C & C
ERECTION, INC., NANCY GORDON,
SUSAN W. HACKNEY, DON H. JONES,
SUZANN S. JONES, WILLIAM A.
RHODES, JR., DAWN SCHUESSLER,
KENNETH W. SEARS, KENNETH W.
SEARS, JR., REINE M. SEARS, DANIEL
J. SEARS, KENNETH W. SEARS, III,
JUDY STRICKLAND, ELIZABETH
STEIN & SHANA L. STEIN,

    Respondents.
_____/

## ORDER CONFIRMING ARBITRATION AWARD

On this day this Court considered Morgan Keegan and Company, Inc.'s Motion to Confirm Arbitration Award. The Court confirms the Arbitration Award entered by a panel of arbitrators of the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution in favor of Morgan Keegan and Company, Inc. against

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS HEREBY FURTHER ORDERED that Respondents Richard R. Arispe, Jimmy A. Burke, Peggy E. Burke, Todd B. Burke, Jose J. Collado, Adela Christine Collado, Charles K. Colvin, C&C Erection, Inc., Nancy Gordon, Susan W. Hackney, Don

H. Jones, Suzann S. Jones, William A. Rhodes, Jr., Dawn Schuessler, Kenneth W. Sears, Kenneth W. Sears, Jr., Reine M. Sears, Daniel J. Sears, Kenneth W. Sears, III, Judy Strickland, Elizabeth Stein, and Shana L. Stein are jointly and severally liable for Morgan Keegan's costs in the amount of $34,707.00 and attorneys' fees in the amount of $399,416.00, plus judgment at the legal judgment rate from and after the date of the award, plus costs and disbursements incurred in this proceeding.

Signed this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE

**Aleman, Ann J. (Asst-Hou-LT)**

| | |
|---|---|
| **From:** | DCECF_LiveDB@txs.uscourts.gov |
| **Sent:** | Wednesday, March 16, 2011 5:31 PM |
| **To:** | DC_Notices@txs.uscourts.gov |
| **Subject:** | Activity in Case 4:11-mc-00127 Morgan Keegan & Company, Inc. v. Arispe et al Other Miscellaneous Relief |

This is an automatic e-mail message generated by the CM/ECF system. Please **DO NOT RESPOND** to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

SOUTHERN DISTRICT OF TEXAS

**Notice of Electronic Filing**

The following transaction was entered by Lovett, Mary-Olga on 3/16/2011 at 5:30 PM CDT and filed on 3/16/2011
**Case Name:**     Morgan Keegan & Company, Inc. v. Arispe et al
**Case Number:**   4:11-mc-00127
**Filer:**         Morgan Keegan & Company, Inc.
**Document Number:** 1

**Docket Text:**
**Motion to Confirm Arbitration Award and for Final Judgment/Other Miscellaneous Relief ( Filing fee $ 39 receipt number 0541-7815003.) filed by Morgan Keegan & Company, Inc.. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C, # (4) Exhibit D, # (5) Proposed Order)(Lovett, Mary-Olga)**


**4:11-mc-00127 Notice has been electronically mailed to:**

Mary-Olga Lovett     LovettM@gtlaw.com, alemana@gtlaw.com, HOULitDock@gtlaw.com

**4:11-mc-00127 Notice has not been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-0] [034a6b71eb2facba778e006657d022bd8b88504e9347be3dcb04717c216c64b866 a77e71fb863f2f959c12700d7a499ca5f6f8007ee50ec293b5e272ae2a22f9]]
**Document description:** Exhibit A
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-1] [8981eb6c7f072f410013982bf256a81ce2efde2fed6bf9cab30120a87d7e2189f2 84b755917d285f6876fffc147848f57ea469cef6ef46aa9cb548551cce1459]]

**Document description:** Exhibit B
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-2] [8a26adc39106998928ed0bb0747af1ec964bf585057ffd9597d2633c6c5cfc24a8fca4083eba0c2b624aaab647ad851c3828224e7ca6451824611 86330519b9c]]

**Document description:** Exhibit C
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-3] [55bfa7737396442420cde0a54f70788a16f06fe2d76056348a53440be0ba3fb92febf1d57d6d505c42e3095b58ee991e2952d362ca26f32ca6666758f1f62af5]]

**Document description:** Exhibit D
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-4] [a924bcb935b72b0adeb21e1a1dde4df99f8f3df44afb7bad7d29bd6409c7da2f335f52553ab0bd4b0bde87b8444b48e9c006024419063ac1c4b81ae275f7814a]]

**Document description:** Proposed Order
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045387613 [Date=3/16/2011] [FileNumber=12506796-5] [29a11ec4707ae1dc31558b230e109a5bfd98dcbf5eaf76057f92bcdb51dc75f7959dcb46e066eb06f389a0b16f92a991fb87b44403772e05ade570b1d4442939]]

3/17/2011

# EXHIBIT B

# EXHIBIT C

Cause No.: 09-06655

Arispe, et al vs. Morgan Keegan & Company, Inc.

# Arbitration Proceedings - Day 6

01/30/2011



Reporting & Video Services

1225 North Loop West, Suite 327
Houston, TX 77008

Phone: (713) 840-8484
Fax:   (713) 626-1966

www.hannareporting.com

**COPY**

Austin          Corpus Christi          Dallas          Houston          San Antonio

ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

Page 1634

1  information.
2      MR. DOBROWSKI: Mr. Chair, I think I am
3  finished, but I want to make -- let me -- just a couple
4  of follow-up final questions.
5      Q. (BY MR. DOBROWSKI) In the summer and fall of
6  2007, you indicated the rating agencies were downgrading
7  securities, right?
8      A. Yes.
9      Q. And that was well known in the market?
10     A. Absolutely.
11     Q. And it should have been well known to a
12  portfolio manager who relied on ratings agencies, right?
13     A. I'm sure it was known.
14     Q. And if the rating agencies are downgrading
15  securities, you would agree that it would be prudent for
16  the portfolio manager to review that information to
17  determine if the securities are going to stop paying,
18  right, sir?
19     A. It's one of the things that a portfolio manager
20  will look at in terms of assessing credit quality, yes.
21     MR. DOBROWSKI: Pass the witness,
22  Mr. Chair. Thank you.
23     MR. KERR: All right. Thank you. Now, I
24  know you have some follow-up questions.
25     MR. CARLIN: I've just got a few minutes,

Page 1635

1  if you want to finish; or we can break. Whatever you
2  prefer, Mr. Chair. Do you prefer to take a very short
3  lunch break?
4      MR. KERR: Well, yeah. Let's take this
5  one step at a time. Okay. First of all, I think we
6  ought to take a break now. We can make it short. We
7  can talk about how long. And with respect to lunch --
8  and this is on the record?
9      THE REPORTER: Yes, we're on the record.
10     MR. KERR: And with respect to lunch, the
11  Panel wants to hear another affirmation about lunch
12  today, that both sides have agreed to equally share the
13  cost of lunch for the three Panel today; is that
14  correct?
15     MR. DOBROWSKI: Yes, Mr. Chair.
16     MR. KERR: All right, sir.
17     MR. CARLIN: They haven't paid their bill
18  for yesterday yet; but, yes, that's correct.
19     MR. WEISS: We will submit a bill at the
20  end of the whole thing.
21     MR. KERR: You've promised to pay.
22     MR. CARLIN: Absolutely. We're in
23  agreement.
24     MR. KERR: All right. Now, let's talk
25  about -- of course, I think we all want to finish today.

Page 1636

1  We can't carry this case on forever. We're -- according
2  to my watch, it's about 12:20 now and you're going to
3  have some more questions but you'll probably be through
4  with this witness, say -- say, if we come back here
5  1:00, 40 minutes, you'll probably be through with this
6  witness --
7      MR. DOBROWSKI: 1:30.
8      MR. KERR: -- collectively at 1:30.
9      MR. CARLIN: At the latest.
10     MR. DOBROWSKI: At the longest.
11     MR. CARLIN: Probably more likely be 1:15,
12  1:10.
13     MR. KERR: Then you have another witness
14  in addition to the attorneys' fees.
15     MR. WEISS: Correct.
16     MR. DOBROWSKI: But I thought we were
17  going to stipulate as to the amount on attorneys' fees.
18     MS. BLACKWELL: We can do that.
19     MR. WEISS: We can do that. I will say
20  that -- well, I guess, if you want to talk about that
21  now, I'm happy to do so. Two points. First of all, in
22  their Exhibit 257, their agreement with their clients is
23  on a 35 percent contingent fee. It is not on an hourly
24  basis. I just make that point. The Panel should be
25  aware.

Page 1637

1      MR. KERR: Yeah, you made that point
2  yesterday.
3      MR. WEISS: Good. In terms of our fees,
4  which is really the subject du jour, our fees are
5  substantially less than what they presented. Our fees
6  prior to this week total $399,416. And our number of
7  attorney hours and paralegal hours was also less, at
8  1684. Our expenses were also less, and they totaled
9  $34,779, and that's -- that's for our side.
10     There is a -- an Exhibit, I believe, 609.
11  Exhibit 609 in the Respondent's materials state that --
12  and I'm summarizing, but in a case such as this,
13  Claimant files a case against Morgan Keegan and loses,
14  that the Claimant has to pay our attorneys' fees and
15  expenses.
16     MR. DOBROWSKI: And, Mr. Chair, we
17  stipulate that the amount of fees and amount of costs
18  are reasonable. We do not stipulate that they are owed
19  or that you should award them.
20     MR. KERR: Entitlement is not part of the
21  question.
22     MR. DOBROWSKI: Yes, sir.
23     MR. KERR: Okay. Will that take care of
24  the attorneys' fees testimony?
25     MR. DOBROWSKI: Yeah.

HANNA & HANNA, INC.
(713) 840-8484

ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

1  STATE OF TEXAS
2  COUNTY OF HARRIS
3
4             REPORTER'S CERTIFICATE
5             ARBITRATION HEARING
6              January 30, 2011
7
8       I, the undersigned Certified Shorthand Reporter in
9  and for the State of Texas, certify that the facts
10 stated in the foregoing pages are true and correct.
11      I further certify that I am neither attorney or
12 counsel for, related to, nor employed by any parties to
13 the action in which this testimony is taken and,
14 further, that I am not a relative or employee of any
15 counsel employed by the parties hereto or financially
16 interested in the action.
17      SUBSCRIBED AND SWORN TO under my hand and seal of
18 office on this the 7th day of February, 2011.

*Digitally signed by Kelly Hanna*
*Date: 2011.02.07 11:43:18 -08:00*
*Reason: I am the author of this document*
*Location: Houston, TX*

           Kelly Hanna, CSR, RPR, CRR, CMRS
           Texas CSR 1654
           Expiration: 12/31/2011
           Firm Registration No. 581
           1225 North Loop West, Suite 327
           Houston, Texas 77008
           713.840.8484 - 713.626.1966
           www.hannareporting.com

HANNA & HANNA, INC.
(713) 840-8484

Page 38 (Pages 1634-1637)

## ARBITRATION PROCEEDINGS - Day 6 - January 30, 2011
## ARISPE, ET AL vs. MORGAN, KEEGAN & COMPANY

Page 1634

1 Information.
2  MR. DOBROWSKI: Mr. Chair, I think I am
3 finished, but I want to make -- let me -- just a couple
4 of follow-up final questions.
5  Q. (BY MR. DOBROWSKI) In the summer and fall of
6 2007, you indicated the rating agencies were downgrading
7 securities, right?
8  A. Yes.
9  Q. And that was well known in the market?
10  A. Absolutely.
11  Q. And it should have been well known to a
12 portfolio manager who relied on ratings agencies, right?
13  A. I'm sure it was known.
14  Q. And if the rating agencies are downgrading
15 securities, you would agree that it would be prudent for
16 the portfolio manager to review that information to
17 determine if the securities are going to stop paying,
18 right, sir?
19  A. It's one of the things that a portfolio manager
20 will look at in terms of assessing credit quality, yes.
21  MR. DOBROWSKI: Pass the witness,
22 Mr. Chair. Thank you.
23  MR. KERR: All right. Thank you. Now, I
24 know you have some follow-up questions.
25  MR. CARLIN: I've just got a few minutes,

Page 1635

1 if you want to finish; or we can break. Whatever you
2 prefer, Mr. Chair. Do you prefer to take a very short
3 lunch break?
4  MR. KERR: Well, yeah. Let's take this
5 one step at a time. Okay. First of all, I think we
6 ought to take a break now. We can make it short. We
7 can talk about how long. And with respect to lunch --
8 and this is on the record?
9  THE REPORTER: Yes, we're on the record.
10  MR. KERR: And with respect to lunch, the
11 Panel wants to hear another affirmation about lunch
12 today, that both sides have agreed to equally share the
13 cost of lunch for the three Panel today; Is that
14 correct?
15  MR. DOBROWSKI: Yes, Mr. Chair.
16  MR. KERR: All right, sir.
17  MR. CARLIN: They haven't paid their bill
18 for yesterday yet; but, yes, that's correct.
19  MR. WEISS: We will submit a bill at the
20 end of the whole thing.
21  MR. KERR: You've promised to pay.
22  MR. CARLIN: Absolutely. We're in
23 agreement.
24  MR. KERR: All right. Now, let's talk
25 about -- of course, I think we all want to finish today.

Page 1636

1 We can't carry this case on forever. We're -- according
2 to my watch, it's about 12:20 now and you're going to
3 have some more questions but you'll probably be through
4 with this witness, say -- say, if we come back here
5 1:00, 40 minutes, you'll probably be through with this
6 witness --
7  MR. DOBROWSKI: 1:30.
8  MR. KERR: -- collectively at 1:30.
9  MR. CARLIN: At the latest.
10  MR. DOBROWSKI: At the longest.
11  MR. CARLIN: Probably more likely be 1:15,
12 1:10.
13  MR. KERR: Then you have another witness
14 in addition to the attorneys' fees.
15  MR. WEISS: Correct.
16  MR. DOBROWSKI: But I thought we were
17 going to stipulate as to the amount on attorneys' fees.
18  MS. BLACKWELL: We can do that.
19  MR. WEISS: We can do that. I will say
20 that -- well, I guess, if you want to talk about that
21 now, I'm happy to do so. Two points. First of all, in
22 their Exhibit 257, their agreement with their clients is
23 on a 35 percent contingent fee. It is not on an hourly
24 basis. I just make that point. The Panel should be
25 aware.

Page 1637

1  MR. KERR: Yeah, you made that point
2 yesterday.
3  MR. WEISS: Good. In terms of our fees,
4 which is really the subject du jour, our fees are
5 substantially less than what they presented. Our fees
6 prior to this week total $399,416. And our number of
7 attorney hours and paralegal hours was also less, at
8 1684. Our expenses were also less, and they totaled
9 $34,779, and that's -- that's for our side.
10  There is a -- an Exhibit, I believe, 609.
11 Exhibit 609 in the Respondent's materials state that --
12 and I'm summarizing, but in a case such as this,
13 Claimant files a case against Morgan Keegan and loses,
14 that the Claimant has to pay our attorneys' fees and
15 expenses.
16  MR. DOBROWSKI: And, Mr. Chair, we
17 stipulate that the amount of fees and amount of costs
18 are reasonable. We do not stipulate that they are owed
19 or that you should award them.
20  MR. KERR: Entitlement is not part of the
21 question.
22  MR. DOBROWSKI: Yes, sir.
23  MR. KERR: Okay. Will that take care of
24 the attorneys' fees testimony?
25  MR. DOBROWSKI: Yeah.